MARTHA G. BRONITSKY, SBN 127583
CHAPTER 13 STANDING TRUSTEE
LEO G. SPANOS, SBN 261837, STAFF ATTORNEY
NIMA GHAZVINI, SBN 254758, STAFF ATTORNEY
24301 Southland Blvd. Suite 200
Hayward, CA 94545-1541
(510) 266-5580

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

WAKEAN MACLEAN

Debtor,

_____/

CHAPTER 13

CASE NO. 11-49039 EDJ 13

**TRUSTEE'S OBJECTION TO CONFIRMATION AND REQUEST FOR DISMISSAL**

COMES NOW, MARTHA G. BRONITSKY, Chapter 13 Standing Trustee, (Trustee) objects to confirmation of Debtor's Chapter 13 Plan pursuant to 11 U.S.C. § 1325 (d)[1] (failure to fund in 60 months), and requests dismissal of this case.

The Trustee also requests that the Court take judicial notice of its own records in the case herein in support of the facts set forth below. Fed.R.Evid. 201.

---

[1] All code references are to Title 11 of the United States Code unless otherwise stated.

1

**FACTS**

Wakean Maclean ("Debtor") filed this Chapter 13 Bankruptcy on August 24, 2011. Debtor is represented by Patrick L. Forte, Esq.

Debtor's Plan proposes payments of $100.00 per month for 60 months with a *pro tanto* distribution on general unsecured claims.

The United States Internal Revenue Service ("IRS") has filed an unsecured priority claim for $14,285.00. Debtor did not schedule this amount.

Debtor and his spouse have a combined average monthly income of $4,752.00. (Schedule I, Doc. #1). Debtor lists expenses totaling $4,652.00, leaving Debtor with excess income of $100 each month. (Schedule J, Doc. #1).

**APPLICABLE LAW & ANALYSIS**

**PLAN WILL NOT FUND IN SIXTY MONTHS AS REQUIRED BY 11 U.S.C. §1322(d)**

A Chapter 13 Plan must fund within sixty months. 11 U.S.C. §1322(d). The sixty month period begins from the date that first payments are due under §1326(a)(1) which requires payments "not later than 30 days after the date of the filing of the plan or the order of relief, whichever is earlier . . ." 11 U.S.C. §1326(a)(1). See *In re Profit*, 283 B.R. 567 (9th Cir. BAP 2002).

Debtor's Plan does not fund within 60 months. With the inclusion of the IRS priority claim, Debtor's Plan would require payments of $302.29 to fund in 60 months. Debtor's proposed payments fund the Plan in 182 months, which results in a violation of § 1322(d). Therefore, the Plan cannot be confirmed.

2

**CONCLUSION**

WHEREFORE, the Trustee respectfully objects to confirmation of Debtor's Chapter 13 Plan pursuant to 11 U.S.C. §1322 (d), and requests dismissal of this case.

RESPECTFULLY SUBMITTED

<u>November 2, 2011</u>      <u>/s/Martha G. Bronitsky 5909</u>
DATE                           Martha G. Bronitsky, Esq.
                               Chapter 13 Standing Trustee